UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

WALLIS ALLIETTE CHIGNOLI, individually,

   Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,
a foreign limited liability company,

   Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.   Plaintiff, WALLIS ALLIETTE CHIGNOLI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.   Defendant, CAVALRY PORTFOLIO SERVICES, LLC, is a foreign limited liability company conducting business from offices located at 500 Summit

Lake Drive, Suite 400, Valhalla, New York 10595, and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. They are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged debt from Plaintiff arising from his use of a GE Capital credit account used to finance medical needs; the subject balance was less than $4,000.00 dollars.

9. On or about April 2, 2012, Defendant sent Plaintiff a written request for payment of an alleged debt.

10. A true copy of the written request is attached hereto Exhibit "A".

11. On or about June 19, 2012, Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

12. A true copy of said letter is attached hereto as Exhibit "B".

13. On June 25, 2012, Defendant communicated in writing by sending a second letter regarding the alleged debt; the letter allegedly "verified" the debt, something never even requested by Plaintiff, and also re-stated the amount allegedly owed by Plaintiff to Defendant (i.e. a second demand for payment).

14. A true copy of the second letter is attached hereto as Exhibit "C".

15. 15 U.S.C. § 1692c(c) requires Defendant to cease communications with the Plaintiff upon receipt of written notification that Plaintiff refuses to pay the alleged debt.

## COUNT I
## FAILURE TO CEASE COMMUNICATIONS
## IN VIOLATION OF 15 U.S.C. § 1692c(c)

16. Plaintiff incorporates Paragraphs 1 through 15.

17. After receiving Plaintiff's written notice of refusal to pay, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of July, 2012.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone:  954-589-0588
Facsimile:  954-337-0666
scott@scottdowens.com


By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651